[Civ. No. 24226.   Second Dist., Div. Three.   Oct. 28, 1960.]

J. E. COBERLY, JR., et al., Appellants, v. JOHN VON NEUMANN, Respondent.

Gray & Guy for Appellants.

Sandler & Rosen and Nelson Rosen for Respondent.

SHINN, P. J.—In this action plaintiffs sought damages for the alleged failure of defendant to purchase the capital stock of a Mexican corporation which was engaged in the business of selling V-W automobiles in Tijuana and other points in Lower California. Findings and judgment were in favor of defendant and plaintiffs appeal. The appeal is on the judgment roll and presents an exceedingly narrow question.

Defendant's agreement to purchase was subject to the condition that he could "rescind" the agreement, meaning that he could withdraw from it, in certain circumstances.

It is not denied by plaintiffs that defendant had a right to withdraw from the agreement upon discovering that he could not operate the business under conditions that would be satisfactory to him. The sole contention is that he did not give plaintiffs proper and sufficient notice of his intention to withdraw. We must agree with the trial court that plaintiffs were properly informed of defendant's intention and of his election to terminate the agreement.

The agreement contained numerous representations on the part of plaintiffs, and it also provided that the buyer should have access to the books and records of the corporation, etc., in order to satisfy himself with respect to the following: "a. That the Company has been duly organized and is existing in accordance with the laws of the Republic of Mexico; b. That the sale, transfer and delivery of the aforesaid shares of Company to Buyer does not contravene and is not in violation of any federal, state or municipal law, statute, rule or regulation; c. That Buyer, or his nominee, will be able, upon delivery of the aforesaid stock to him, or to his nominee, to enjoy all of the rights, privileges and incidents of ownership in

and to said stock. If upon the investigation herein provided, Buyer shall ascertain that Guarantors have made a material misrepresentation herein or if Buyer is unable to satisfy himself with respect to the foregoing matters set forth as (a), (b) and (c) of this paragraph, then and in such event Buyer may, at his election, notify Guarantors that he will rescind this agreement, unless such misrepresentation or breach be cured or such circumstance remedied, and if not cured or remedied, Buyer may rescind this agreement . . . ."

The court found that subparagraph (c) was understood by the parties to include ". . . the legal right of the defendant under the laws of Mexico to personally and directly operate and control the affairs of the Mexican corporation notwithstanding that he was and would continue to be a resident and citizen of the United States." This interpretation of the agreement is not questioned by plaintiffs.

The court also found that the parties had a meeting June 17, 1957, at which defendant informed plaintiffs that he ". . . was not satisfied that he, or his nominee, would be able upon the delivery of the stock of said Mexican corporation to him, or to his nominee, to enjoy all of the rights, privileges and incidents of ownership in and to said stock; that he was not satisfied that he would be able to personally operate and control the affairs of the corporation. In this connection, defendant and his counsel, among other things, orally advised plaintiffs at said meeting that as a result of the investigation which had been made it was the belief of the defendant and his counsel that because defendant was a citizen and resident of the United States, he would not be permitted under the laws of Mexico to administer, operate, and control the affairs of the Mexican corporation even though he were the sole stockholder thereof; furthermore, that defendant would not be permitted under the Mexican laws to serve as the chief administrative officer (known under Mexican law as the 'Administrador General'), nor as a director of said corporation, but that defendant would have to employ and engage Mexican citizens to operate said corporation and would be required to vest the direct supervision, management and control of the corporation and its business in the hands of Mexican citizens and nationals." Also the court found that after discussing the matter plaintiffs informed defendant that he could appoint an attorney in Mexico who could be bonded and that defendant as sole stockholder would be able to control and limit the amount of cash money which would be permitted to

remain on hand in the Mexican corporation; defendant advised plaintiffs that their suggested methods of operating and controlling the business and remedying defendant's objections were not satisfactory to him and that he was going to rescind the agreement and cut off the transaction if he could not be satisfied of his right to control and operate the corporation; that he would, however, give the matter further thought and consideration. It was found that "Plaintiffs did not, either at said meeting of June 17, 1957, or thereafter, seek to, nor ask for an opportunity to, satisfy defendant that he could under the laws of Mexico, personally operate and control the affairs of the corporation, nor did they offer any other suggestions, other than those above set forth, as to how the objections raised by defendant might be remedied to his satisfaction." The court also found that under the laws of Mexico, at the absolute discretion of the Mexican government, defendant might be issued an "Immigrante Permit," provided he established and maintained a residence in Mexico for substantial periods of time and that at the absolute discretion of the Mexican government he might also be issued a permit that would allow him to act as controlling officer of the corporation; two days after this meeting, having given the matter further consideration, defendant gave plaintiffs written notice of his withdrawal from the transaction. It was further found that "The meeting held between the parties on June 17, 1957, and the discussions which took place between the plaintiffs and the defendant constituted a substantial compliance with the requirements of Paragraph *Eleventh* of the agreement that the defendant notify the plaintiffs that he would rescind the agreement unless the circumstances concerning which he was unable to satisfy himself were remedied, and the defendant acted, in good faith, in his determination of dissatisfaction, and acted in accordance with the right given to him by the agreement in rescinding it in the manner aforesaid."

It is contended that the information given plaintiffs of defendant's *intention* to *withdraw* from *the agreement* was ineffectual. Plaintiffs say in their brief: "What, in effect, was communicated by Respondent? It is submitted that he said no more than that he was not satisfied and, if he could not be satisfied, that he would call off the transaction, but that he was going to think it over." It was made clear to plaintiffs that defendant would terminate the agreement unless the unsatisfactory "circumstance" should be removed. The "cir-

cumstance" was defendant's inability to have complete control and management of the corporation without becoming a Mexican citizen. After giving the matter further consideration for two days defendant was still unsatisfied. Plaintiffs apparently contend that it was the meaning of the agreement that if defendant found that the conditions under which he would have to operate the business would be unsatisfactory, they would be given a reasonable time in which to remedy the condition and that two days were not sufficient for that purpose. It is an untenable argument. If defendant had questioned the accuracy of plaintiffs' representations a reasonable opportunity should have been granted plaintiffs to correct the conditions and satisfy defendant with respect to the same, but defendant was not complaining upon that ground.

Plaintiffs' only suggestion was that defendant could hire a Mexican citizen as "Administrador General" and operate the business through him. Manifestly plaintiffs could not change the laws or practices of the Mexican government, nor in any way alter the conditions under which defendant would be unable to exercise direct and complete control of the business, which was unacceptable to him. Defendant was not satisfied with the conditions under which he would have to operate the business and he gave plaintiffs notice of his withdrawal from the agreement. We cannot see that he was required to do more.

The court made a finding that the discussions which took place on June 17, 1957, and defendant's actions in the meeting and thereafter constituted ". . . a substantial compliance with the requirements of Paragraph *Eleventh* . . . and the defendant acted, in good faith, in his determination of dissatisfaction, and acted in accordance with the right given to him by the agreement in rescinding it in the manner aforesaid." There was also a conclusion of law that defendant's acts constituted a "substantial compliance with the requirements of Paragraph *Eleventh*," etc. Plaintiffs contend that "substantial compliance" was insufficient and there had to be a "clear and unequivocal notice" of defendant's intention. All the facts were found and it was a question of law whether defendant had acted in accordance with his rights under the agreement. He could not have been more explicit in the exercise of his right. It was full performance of the steps to be taken in exercising his option not to proceed further with the purchase. It is of no moment that the court concluded that it was substantial performance. The facts found were controlling.

It is unnecessary to consider other grounds urged by defendant for affirmance of the judgment.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.